**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Angie Chantre,

                                 **Plaintiff,**

             **-against-**

United States of America,

                              **Defendant.**

**1:26-cv-04394 (JPC) (SDA)**

**ORDER OF SERVICE**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff, who is appearing *pro se*, brings this action against the United States of America under the Federal Tort Claims Act, alleging that physicians associated with the Department of Veterans Affairs violated her rights. She asserts claims of medical negligence and negligent supervision. The Court liberally construes the complaint as asserting an additional claim of medical malpractice.

By order dated June 2, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons explained below, the Court directs service on the United States.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff, who is proceeding IFP, to effect service on Defendant United States of America through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant United States of America. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant United States of America, complete the USM-285 form with the address for Defendant United States of America (marking the box on the USM-285 form labeled "Check for service on U.S.A."), and deliver to the U.S. Marshals Service all documents necessary to effect service on Defendant United States of America.

The Clerk of Court is directed to mail an information package to Plaintiff.

**SO ORDERED.**

DATED:  New York, New York
         June 8, 2026

                                                   _____
                                                   STEWART D. AARON
                                                   United States Magistrate Judge