**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Angie Chantre,**

**Plaintiff,**

**-against-**

**United States of America,**

**Defendant.**

**1:26-cv-04394 (JPC) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is an application by *pro se* Plaintiff Angie Chantre ("Plaintiff") for the appointment of *pro bono* counsel. (Pl.'s 9/30/26 App., ECF No. 23.) For the reasons set forth below, Plaintiff's application is DENIED WITHOUT PREJUDICE.

## BACKGROUND

On May 25, 2026, Plaintiff, a United States Air Force veteran, commenced this action against the Government asserting a claim under Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b), based upon alleged negligent medical care and related misconduct by employees of the Department of Veterans Affairs ("VA"). (Compl., ECF No. 1, ¶¶ 1-2.) By Order dated June 2, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (6/2/26 Order, ECF No. 6.)

On September 21, 2026, the Government filed a motion to dismiss, arguing that Plaintiff's FTCA claim was barred by the statute of limitations, because the claim was not filed within two years of accrual. (*See* Def.'s 9/21/26 Not. of Mot, ECF No. 17; Def.'s 9/21/26 Mem., ECF No. 18, at 7-10.) On September 30, 2026, Plaintiff filed an Amended Complaint (*see* Am. Compl., ECF No. 21), thereby mooting the Government's motion. (*See* 10/1/26 Order, ECF No. 22.) Also on

September 30, 2026, Plaintiff filed the application now before the Court for the appointment of *pro bono* counsel (ECF No. 23).

**<u>LEGAL STANDARDS</u>**

The IFP statute provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts therefore must grant applications for *pro bono* counsel sparingly, and with reference to public benefit, to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. *See Hodge*, 802 F.2d at 61-62. Of course, the litigant first must demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court then must consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." *Id.* at 60-61. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-

examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id*. at 61-62; *see also Cooper*, 877 F.2d at 172. In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**APPLICATION**

The Court granted Plaintiff's IFP request on June 2, 2026. (ECF No. 6.) In her application for *pro bono* counsel, Plaintiff states that her IFP application is a true and correct statement of her current financial condition. (ECF No. 23, at 1.) Thus, Plaintiff qualifies as indigent.

Turning to the threshold question of whether Plaintiff's claim seems "likely to be of substance," *see Hodge*, 802 F.2d at 60, in the Amended Complaint, Plaintiff alleges that she experienced psychiatric symptoms, which led to hospitalization and a diagnosis of bipolar disorder while serving in the Air Force. (Am. Compl. ¶ 12.) Plaintiff also was involved in a motor vehicle accident in 2008 that resulted in a head injury. (*Id*.) Plaintiff appears to broadly allege that her psychiatric treatment by the VA was deficient because it was not adapted to her evolving symptoms (*Id*. ¶¶ 17-30.) As a result, Plaintiff claims "prolonged or avoidable cognitive, functional, and other harms," as well as "economic and non-economic damages . . . including losses associated with impaired functioning and the consequence of prolonged or delayed treatment." (*Id*. ¶¶ 41-42.)

On the current record, the Court cannot say that Plaintiff's claim is "likely to be of substance," as required. As an initial matter, for the reasons stated in the Government's initial motion to dismiss, it appears that Plaintiff's claim may be time-barred. (*See* Def.'s 9/21/26 Mem. at 7-10.) Even assuming that the claim is not time-barred, without development of the factual record, Plaintiff has not alleged enough facts for the Court determine whether Plaintiff's claim is "likely to be of substance." *See Hodge*, 802 F.2d at 60; *see also Kanellos v. Rockland Cnty. CPS*, No. 25-CV-10091 (NSR), 2026 WL 1122400, at *9 (S.D.N.Y. Apr. 26, 2026) ("Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.").

Because the Court does not find that the threshold requirement is met, Plaintiff's application cannot be granted at this time. *See Scales v. Hotel Trades Council of New York Loc. 6*, No. 23-873-CV, 2025 WL 883053, at *3 (2d Cir. Mar. 21, 2025) ("since the district court determined [plaintiff's] claim lacked merit, it had no obligation to consider the remaining *Hodge* factors"), *cert. denied*, 146 S. Ct. 828 (2025).

**CONCLUSION**

For the foregoing reasons, Plaintiff's application for the appointment of pro bono counsel (ECF No. 23) is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

Dated: New York, New York
October 6, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge